**FOLEY & LARDNER LLP**
F. PHILLIP HOSP, CA Bar No. 265225
phosp@foley.com
ANUM AMIN, CA Bar No. 319662
aamin@foley.com
CASEY GENG, CA Bar No. 357270
casey.geng@foley.com
555 South Flower Street, Suite 3300
Los Angeles, CA 90071-2418
Tel: (213) 972-4500 Fax: (213) 486-0065

STEPHEN A. MCCARTIN (TX 13374700) (*pro hac vice*)
smccartin@foley.com
BRANDON C. MARX (TX 24098046) (*pro hac vice*)
bmarx@foley.com
2021 McKinney Avenue, Suite 1600
Dallas, TX 75201
Tel: (214) 999-3000 Fax: (214) 999-4667

**COOKSEY TOOLEN GAGE DUFFY WOOG**
KIM P. GAGE, CA Bar No. 82051
kgage@cookseylaw.com
535 Anton Boulevard, Suite 1000
Costa Mesa, CA 92626-1977
Tel: 714.431.1090 Fax: 714.431.1119

*Attorneys for Plaintiff Daimler Truck Financial Services USA LLC*

**WHITE & CASE LLP**
Roberto Kampfner (CA Bar No. 179026)
555 South Flower Street, Suite 2700
Los Angeles, CA 90071
Telephone: (213) 620-7700
Email: rkampfner@whitecase.com

Sean Gorman (*pro hac vice*)
609 Main Street, Suite 2900
Houston, Texas 77002
Telephone: (713) 496-9700
Email: sean.gorman@whitecase.com

Fan B. He (*pro hac vice*)
Southeast Financial Center, Suite 4900
200 South Biscayne Blvd. Miami, FL 33131
Telephone: (305) 371-2700
Email: fhe@whitecase.com

*Attorneys for Defendants for Vanguard National Trailer Corporation and CIMC Reefer Trailer, Inc. a/k/a Vanguard Reefer Trailer, Inc.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

DAIMLER TRUCK FINANCIAL SERVICES USA LLC,

*Plaintiff,*

v.

VANGUARD NATIONAL TRAILER CORPORATION and CIMC REEFER TRAILER, INC., a/k/a VANGUARD REEFER TRAILER, INC.,

*Defendants.*

VANGUARD NATIONAL TRAILER CORPORATION and CIMC REEFER TRAILER, INC., a/k/a VANGUARD REEFER TRAILER, INC.,

*Counterclaimants,*

v.

DAIMLER TRUCK FINANCIAL SERVICES USA LLC,

*Counter-Defendant.*

Case No. 2:26-cv-03785-FMO-KS

Hon. Fernando M. Olguin

**JOINT RULE 26(F) REPORT**

Plaintiff Daimler Truck Financial Services USA LLC ("Daimler" or "Plaintiff") and Defendants Vanguard National Trailer Corporation ("Vanguard") and CIMC Reefer Trailer, Inc. a/k/a Vanguard Reefer Trailer, Inc. ("VRTI") (together, the "Vanguard Parties" or "Defendants") (Daimler and the Vanguard Parties, collectively, the "Parties"), by and through their undersigned counsel, file this joint report pursuant to Federal Rule of Civil Procedure 26(f) and the Court's Order Setting Scheduling Conference (ECF No. 23). Unless otherwise noted, the positions stated herein reflect the agreement of all Parties. Where the Parties disagree, their respective positions are set forth separately.

## I. Statement of the Case

### A. Plaintiff's Position

The Vanguard Parties sold trailers to KAL Trailers & Leasing, Inc. ("KAL Trailers"), one of its California dealers of trailers, pursuant to sales agreements requiring payment upon delivery. Despite not being paid for trailers for almost two (2) years, the Vanguard Parties continued to deliver hundreds of trailers to KAL Trailers on credit, accumulating indebtedness of tens of millions of dollars.

To assist KAL Trailers' customers to obtain financing from their lenders (the Vanguard Parties expected KAL Trailers to use the loan proceeds to pay its indebtedness to the Vanguard Parties), the Vanguard Parties delivered signed and dated MCO copies to KAL Trailers in which they falsely certified that ownership of the trailers had been transferred to KAL Trailers at the same time the trailers were sold on credit. The Vanguard Parties knew the lenders would rely on these certifications of transfer of ownership in the MCO copies to extend loans secured by the trailers. Without the lenders' knowledge, the Vanguard Parties purported to retain titles until paid by KAL Trailers. When KAL Trailers failed to use the lender loans to pay the Vanguard Parties, they assert they retained titles and argue that the lenders' liens are invalid since KAL Trailers never owned the trailers.

This was fraud or at least negligent misrepresentation to the lender. Daimler

was one of the defrauded lenders. If this Court agrees, there is no need to proceed to Daimler's other causes of action. If not, Daimler requests this Court to find that:

(i) the Vanguard Parties are estopped from asserting superior interests (retained title) in the trailers,

(ii) retention of title is only the reservation of unperfected security interests, and Daimler has valid first perfected priority security interests in the trailers, and

(iii) the Vanguard Parties must turn over Daimler's collateral in their possession or proceeds from the sale of Daimler's collateral (money had and received).

The Vanguard Parties have asserted various counterclaims against Daimler, largely based on the faulty assumption that the Vanguard Parties reserved titles until KAL Trailers paid for the trailers. They do so in error. In such a circumstance, the Vanguard Parties take nothing more than a security interest pursuant to Indiana Code § 26-1-2-401. Daimler's perfected liens have priority over the Vanguard Parties' reserved security interests. Separately, the Vanguard Parties' counterclaim for a warehouse lien fails because the Vanguard Parties are not in the business of storing trailers for compensation and there are no agreements or warehouse receipts for storing the trailers for Daimler.

B. Defendants' Position

Daimler's claims in this action are deeply misguided and without merit. Daimler is attempting to transform a simple priority dispute into a fraud case. It cannot do so. Put simply, the Vanguard Parties did nothing more than manufacture, and, in some cases, deliver trailers to KAL Trailers in the ordinary course of business. Further, as explained in more detail below, applicable law, including California law and Uniform Commercial Code, provide the Vanguard Parties with a senior interest in the disputed trailers.

Daimler asserts that the Vanguard Parties engaged in fraud or made negligent misrepresentations by providing KAL Trailers with copies of the Manufacturer's

Certificate of Origin ("MCO") with respect to the trailers manufactured and sold to KAL Trailers. Not so. Providing copies of MCOs to potential purchasers is a longstanding, standard industry practice. Only one original MCO exists per trailer. However, a "copy" of an MCO is routinely provided to potential buyers to obtain temporary license plates and financing. In order to make it clear that a buyer has only been provided with a copy of an MCO, each copy contains a clear and conspicuous watermark reading "VOID." It is only after a trailer has been paid for that a manufacturer delivers an original MCO to a buyer. No title is transferred until the original MCO is delivered.

The KAL Trailers transactions here resulted in competing claims to the relevant trailers, not because of any conduct by the Vanguard Parties, but because of a massive fraud perpetrated by KAL Trailers and KAL Freight, Inc. ("KAL Freight," and together with KAL Trailers, the "KAL Entities"). Unbeknownst to the Vanguard Parties or Daimler, the KAL Entities used copies of MCOs to obtain financing from Daimler, but did not use the proceeds to pay for the trailers at issue. Accordingly, the Vanguard Parties were never paid and did not deliver any original MCOs to the KAL Entities. Accordingly, title never transferred.

Further, title to the trailers at issue here never passed pursuant to the Sale Agreements because the transfer of title was conditioned upon payment to Vanguard. In addition, the California Vehicle Code requires the execution **<u>and</u>** delivery of an original MCO for title to transfer. That did not happen here. Finally, the Vanguard Parties exercised their rights as sellers under section 2-703 of the Uniform Commercial Code to cancel the sales agreements at issue here, voiding any title that might have passed. Daimler's rights are derivative of the KAL Entities'. If the KAL Entities did not have rights, then neither did Daimler.

Daimler's allegations that the Vanguard Parties worked in concert with the KAL Entities to defraud Daimler are frivolous. The Vanguard Parties—like Daimler—are victims of the KAL Entities' fraud, not perpetrators of it.

The Vanguard Parties have asserted counterclaims against Daimler. Daimler inappropriately asserted control over many of the trailers at issue and has inappropriately clouded title to others. The Vanguard Parties have also asserted several affirmative defenses, including failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), failure to adequately plead fraud under Federal Rule of Civil Procedure 9(b), laches, estoppel, statute of limitations, waiver, unclean hands, and acquiescence.

## II. Subject Matter Jurisdiction

The Court has subject matter jurisdiction under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and there is complete diversity of the parties (*i.e.*, Daimler's members are located in Germany and the Vanguard Parties are Delaware companies with their principal place of business in Indiana).

The Court has supplemental jurisdiction over the Vanguard Parties' counterclaims because they are so related to Daimler's claims in this lawsuit that they form part of the same case or controversy.

## III. Legal Issues

### A. Plaintiff's Position

The Court will need to address the following legal issues:

- Is the retention of title for delivered goods limited in legal effect to a reservation of a security interest under Indiana Code § 26-1-2-401?
- Are Daimler's perfected security interests senior to the Vanguard Parties security interests?
- Does cancellation of a contract of sale for delivered goods revert title back to the seller under the UCC?
- Did the Vanguard Parties defraud or negligently misrepresent material facts, reasonably relied on by Daimler, to induce Daimler to extend loans?

B. Defendants' Position

The Court will need to address the following legal issues:

- Did title to Vanguard Parties' trailers transfer to the KAL Entities under the Sale Agreement and applicable law notwithstanding that the KAL Entities did not pay the Vanguard Parties for the trailers and do not possess the original MCOs?
- Can a lender acquire a valid, enforceable security interest in trailers that its borrower never owned?

## IV. Parties and Evidence

A. Plaintiff's Position

Daimler is the parent of Daimler Truck Insurance Agency LLC. Daimler is the affiliate of Daimler Truck North America LLC, which is the parent of Daimler Truck Brands. Daimler is a subsidiary of Daimler Trucks & Buses US Holding LLC, which is in turn a subsidiary of Daimler Truck AG, which is a subsidiary of Daimler Truck Holding AG.

Discovery has not yet commenced, so Daimler is unable to identify each percipient witness that will support its case. However, Daimler believes that such witnesses include Daimler employees that participated in the decision to loan KAL Freight money, the KAL Entity employees that received executed copies of the MCOs from the Vanguard Parties, and the Vanguard Party employees that created the executed originals and then the copies of the MCOs provided to KAL Trailers when they delivered the trailers to KAL Trailers.

Daimler is also unable to identify all key documents on the main issues of the case. With that said, Daimler believes the following categories of documents will support its case:

- The executed copies of the MCOs created by the Vanguard Parties and provided to KAL Trailers and communications concerning the same;
- Documents and communications relating to KAL Freight obtaining

financing from Daimler to purchase the trailers from the Vanguard Parties and perfection;

- The California certificates of title for the trailers that KAL Freight obtained financed by secured loans from Daimler;
- Daimler notes and security agreements;
- Documents and communications relating to KAL Trailers' purchase of trailers from the Vanguard Parties and perfection of any liens held by the Vanguard Parties; and
- Documents and communications relating to the delivery of and payment for the trailers financed by Daimler.

B. Defendants' Position

Vanguard National Trailer Corporation and Vanguard Reefer Trailer, Inc. are each wholly owned subsidiaries of Vanguard Global Trailer Holding Inc. (f/k/a CIMC USA, Inc.). Vanguard Global Trailer Holding Inc. is a wholly owned subsidiary of CIMC Vehicle Investment Holdings Co., Ltd. CIMC Vehicle Investment Holdings Co. Ltd. is a wholly owned subsidiary of CIMC Vehicles (Group) Co., Ltd.

Discovery has not yet commenced, so the Vanguard Parties are similarly unable to identify each percipient witness who will support their case. However, the Vanguard Parties believe that such witnesses include: employees and representatives of the Vanguard Parties with knowledge of the Sale Agreements, the industry practice governing MCO delivery and title transfer, and the nature and extent of the Vanguard Parties' damages, including but not limited to Charlie Mudd (Vanguard), Katie Yuan (VRTI), Gao Chongwen (VRTI), and Daniel Williams (VRTI), all of whom are located in Indiana. The Vanguard Parties also anticipate that Kalvinder Singh, Sukhvinder Singh, Sikander Singh Randhawa, and Dharminder Singh Randhawa, principals of the KAL Entities located in California, may have knowledge as to the KAL Entities' receipt of MCO copies, failure to pay for the trailers at issue, diversion

of loan proceeds, and fraud. Further, the Vanguard Parties believe the Daimler employees involved in the decision to extend financing to the KAL Entities and in Daimler's underwriting, due diligence, and repossession of the trailers at issue are percipient witnesses, as well.

The Vanguard Parties are also unable to identify all key documents at this stage. However, the Vanguard Parties believe the following categories of documents will support their defenses and counterclaims:

- Sale Agreements (including all purchase orders, invoices, and contracts) between Vanguard and/or VRTI and KAL Trailers for the purchase and sale of dry van trailers and refrigerated trailers, together with the Terms & Conditions of such Sale Agreements, including the title-retention provisions contained therein.
- Manufacturer's Certificates of Origin ("MCOs"), including both original MCOs and copies of MCOs, for the Vanguard Parties' trailers.
- Vehicle titles, registration documents, and titling records relating to the Vanguard Parties' trailers, including any title issued or obtained by the KAL Entities.
- UCC-1 financing statements and related filings relating to the trailers at issue, including any liens purportedly recorded by or in favor of Daimler against the Vanguard Trailers and/or Unpaid VRTI Trailers.
- Documents relating to the KAL Entities' Chapter 11 bankruptcy proceedings before the United States Bankruptcy Court for the Southern District of Texas, Case No. 24-90614 (CML).
- Documents relating to the Vanguard Parties' exercise of their rights under Section 2-703 of the Uniform Commercial Code, including documents evidencing the cancelation of Sale Agreements and the resale of trailers.

- Documents reflecting the Vanguard Parties' costs of storing and maintaining the trailers at their facilities, including maintenance and storage records.
- Documents and communications between or among the Vanguard Parties, the KAL Entities, and/or Daimler relating to the Sale Agreements, MCOs, trailers, financing, repossession, and/or the claims and counterclaims asserted in this action.

## V. <u>Insurance</u>

The Parties do not believe that any insurance policy provides coverage for the claims brought in this action.

## VI. <u>Magistrate Judge</u>

The Parties are not inclined to mutually consent to a magistrate judge presiding over this action for all purposes, including trial, at this time.

## VII. <u>Discovery</u>

The Parties propose the following discovery plan and other relevant dates:

- Initial disclosures: July 9, 2026
- Deadline to amend pleadings or add new parties: October 1, 2026
- Fact discovery deadline: December 31, 2026
- Expert witness disclosure for parties with burden of proof: January 15, 2027
- Rebuttal witness disclosure for parties without burden of proof: February 15, 2027
- Expert discovery deadline: March 26, 2027
- Dispositive motion deadline: April 19, 2027
- Mediation deadline: May19, 2027
- Exchange motion in limine deadline: June 1, 2027
- Motion in limine objection deadline: June 14, 2027
- Expert witness challenge deadline: June 14, 2027

- Pretrial order deadline: June 28, 2027
- Pretrial conference: July 19, 2027
- Trial: July 26, 2027

**VIII. Motions**

It is possible that a Party may file an amended pleading once discovery is conducted.

**IX. Class Certifications**

The Parties do not believe class certification to be applicable to this case.

**X. Motions**

The Parties expect each side to file partial motions for summary judgment on the other's claims. As identified in Section VII, the dispositive motion deadline is April 19, 2027.

**XI. Settlement/Alternative Dispute Resolution (ADR)**

The Parties have not engaged in formal settlement discussions. The Parties prefer private mediation for ADR purposes.

**XII. Pretrial Conference and Trial**

As identified in Section VII, the proposed pretrial and trial dates are July 19, 2027 and July 26, 2027, respectively.

**XIII. Trial Estimate**

This case is at an early stage, and the Parties have not yet conducted discovery. As a result, the Parties do not know how many witnesses each side expects to call. With that said, the Parties estimate that there will be several fact witnesses for each side given the volume of the number of trailers at-issue as well as at least one expert witness for each side. The Parties therefore estimate trial should last 5-7 days.

**XIV. Trial Counsel**

Trial counsel for Daimler will be Stephen A. McCartin, F. Phillip Hosp, and Brandon C. Marx, and Anum Amin. Trial counsel for the Vanguard Parties will be Roberto Kampfner and Sean Gorman.

## XV. Independent Expert or Master

The Parties do not believe an independent scientific expert or master appointed pursuant to Federal Rule of Civil Procedure 53 should be appointed at this time.

## XVI. Other Issues

This case deals with a large number of trailers. Evidence will likely be presented at trial in a summarized form pursuant to Federal Rule of Evidence 1006.

Dated: June 10, 2026

**FOLEY & LARDNER LLP**

*/s/ F. Phillip Hosp*
F. Phillip Hosp
Attorney for Plaintiff

Dated: June 10, 2026

**WHITE & CASE LLP**

*/s/ Roberto Kampfner*
Roberto Kampfner
Attorney for Defendants

Pursuant to L.R. 5-4.3.4, I attest that the other signatory listed, and on whose behalf the filing is submitted, concurs in the filing content and has authorized the filing.

*/s/ F. Phillip Hosp*
F. Phillip Hosp